J-A13042-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| VALIER COAL YARD | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HOMER CITY GENERATION, L.P.; GE | : | No. 770 WDA 2025 |
| ENERGY FINANCIAL SERVICES, INC., | : | |
| JOHN DOE CORPORATIONS 1-5; AND | : | |
| JOHN DOE ENTITIES 1-5 | : | |

Appeal from the Judgment Entered June 4, 2025
In the Court of Common Pleas of Indiana County
Civil Division at Nos:  12040 CD 2017, 309-2017 CD

BEFORE:  BOWES, J., OLSON, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED: July 29, 2026**

Valier Coal Yard (Appellant) appeals from the judgment entered in favor of all defendants following a jury trial, and the denial of Appellant's post-trial motion, namely, a motion for judgment notwithstanding the verdict (JNOV) or a new trial, and granting a motion to mold the verdict filed by Appellee, Homer City Generations, L.P. (Homer City).  After careful review, we affirm on the basis of the trial court's opinions entered on April 16, 2018 (TCO 1) and May 14, 2025 (TCO 2).

The following pertinent facts are gleaned from the record.  Appellant is a sole proprietorship, owned by David Osikowicz, which had supplied coal to a power generation plant located in Homer City, Indiana County, for decades.  In 2012, the power plant underwent bankruptcy and reorganization.  Homer

City was the limited partnership that emerged as the entity approved to hold ownership and control of the power plant. GE Energy Financial Services, Inc. (GE EFS) was the general partner to Homer City and possessed broad control over management and operations of the power plant. Vimal Chauhan (Chauhan) and John Pettengill (Pettengill) were top executives at GE EFS and were the only authorized signatories for Homer City.

In 2015 and 2016, demand for electricity from the power plant decreased and less coal was utilized. Homer City began to renegotiate contracts with coal suppliers in an effort to reduce the price of coal, with the expectation that the cost of the electricity being generated would also decrease. Appellant and Homer City renegotiated several contracts with alterations to the quantity of coal being purchased, modifications to the price-per-ton to be paid for the coal, and the tender dates. In addition, Homer City began to prepay its coal suppliers because of the suppliers' concern about its financial problems.

Appellant initiated this action by filing a complaint on April 7, 2017, in Jefferson County, and both Homer City and GE EFS filed preliminary objections. In response, Appellant filed an amended complaint, and both Homer City and GE EFS filed preliminary objections and supporting briefs. Appellant then filed a brief in opposition to the preliminary objections. On October 30, 2017, the Court of Common Pleas of Jefferson County found that Appellant violated contractually mandated venue provisions and transferred the case to Indiana County.

On April 16, 2018, the Court of Common Pleas of Indiana County reviewed the outstanding preliminary objections and ruled that the preliminary objections were sustained in part and overruled in part. Relevant to this appeal, the trial court sustained the preliminary objections to Appellant's fraud/fraud in the inducement cause of action set forth as Count II in Appellant's amended complaint. Thereafter, Appellant filed a second amended complaint presenting causes of action for tortious interference with contract, breach of contract, and promissory estoppel.

The trial court summarized the subsequent procedural history as follows:

On December 3, 2024, the jury was sworn in and the trial commenced. [Appellant] presented a breach of contract claim(s) against [Homer City], claiming that Homer City breached a contract(s), by failing to accept the quantities of coal that it was required to accept under the contract(s), and that [Appellant] incurred damages as a result of the breach of the contract(s).

[Appellant] also presented a claim of tortious interference with contract against [GE EFS], claiming the following: (1) GE EFS tortiously interfered with the contractual relationships between [Appellant] and Homer City; (2) [Pettengill] and [Chauhan] acted as officers of GE EFS when they met with [Appellant] to discuss contract amendments and refused to permit [Appellant] to deliver coal to the Homer City facility; (3) [Appellant] suffered actual damages as a result of GE EFS' tortious interference with the contract; (4) [Appellant] suffered a monetary loss of the benefits of the contractual relation; and (5) [Appellant] suffered emotional distress and/or harm to its reptation as a result of GE EFS' acts.

Finally, Homer City presented a breach of contract claim against [Appellant], claiming [Appellant] breached a contract(s) with Homer City by receiving prepayments for coal deliveries and then failing to deliver the quantity and/or quality of coal required under the contract(s), and that Homer City incurred damages as a result

- 3 -

of the breach of the contract(s) and/or any amendment thereto, by [Appellant].

On December 11, 2024, after nearly seven days of presentation of testimony, evidence, and argument to the jury, the jury verdict was announced. The jury found that Homer City breached the contract(s) by failing to accept the quantities of coal that it was required to accept under the contract(s). The jury concluded that [Appellant] incurred damages in the amount of $43,000 as a result of Homer City's breach. With regard to [Appellant's] claim against GE EFS, the jury concluded that [Chauhan] and [Pettengill] were acting within the scope of their authority as officers of Homer City when they met with David Osikowicz to discuss the contract amendments in May 2015, and when they refused to permit [Appellant] to deliver coal to Homer City. Given this finding, [Appellant's] tortious interference with contract claim failed. And with regard to Homer City's breach of contract claim against [Appellant], the jury concluded that [Appellant] breached the contract(s), and/or any amendment thereto, by receiving prepayments for coal deliveries and then failing to deliver the quantity and/or quality of coal required under the contract(s). The jury found that Homer City incurred damages in the amount of $143,558 as a result of [Appellant's] breach.

TCO 2, at 1-3 (footnote omitted).

Appellant filed a timely motion for post-trial relief on December 20, 2024. That same day, Homer City filed a motion to mold the jury verdict. Appellant then filed an amended omnibus motion for post-trial relief, followed by a second amended omnibus motion for post-trial relief on April 23, 2025. On May 14, 2025, the trial court entered an order denying all of Appellant's post-trial motions. Also on May 14, 2025, the trial court entered an order molding the jury verdict.[1]

_____

[1] The trial court's order molding the verdict provides:

*(Footnote Continued Next Page)*

- 4 -

Judgment was entered on June 4, 2025, and this timely appeal followed.

Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issues:

1. Did the trial court commit reversible error by sustaining preliminary objections and dismissing [Appellant's] fraud claim against [Homer City] and [GE EFS]?

2. Is [Appellant] entitled to a new trial due to the trial court's abuse of discretion in denying its Motion for Judgment Notwithstanding the Verdict (JNOV) as to the element of justification for [Appellant's] intentional interference claim, where the contract expressly stated that no consent or approval of any person, including any stockholder of the seller, would be required for the execution, performance, or enforcement of the agreement, and where [GE EFS] personnel, acting as representatives of a shareholder entity, interfered with performance in direct contravention of this provision?

3. Did the trial court abuse its discretion in denying [Appellant's] Motion for Judgment Notwithstanding the Verdict (JNOV) as set forth in [Appellant's] Second Amended Omnibus Motion for Post-Trial Relief, with respect to the contractual tender date and the calculation of damages as of that date?

4. Did the trial court abuse its discretion in granting Homer City's Motion to Mold Verdict and in miscalculating the interest due to the Parties?

---

The December 11, 202[5] Jury Verdict of $143,558 in [Homer City's] favor and against [Appellant] is hereby MOLDED to add prejudgment interest in the amount of $67,208.74, resulting in a total jury award in favor of [Homer City] and against [Appellant] of $210.766.74. The Jury Verdict entered on December 11, 2024 is hereby further MOLDED by setting off the jury award of $43,000 to [Appellant] against the molded jury award to [Homer City] of $210,766.74 resulting in a single total jury award in favor of [Homer City] and against [Appellant] of $167.766.74.

Order, 5/14/25, at 1.

- 5 -

Appellant's Brief at 8-9.

On an appeal from an order sustaining preliminary objections in the nature of a demurrer, our standard of review is *de novo* and our scope of review is plenary. ***Hospital & Healthsystem Association of Pennsylvania v. Department of Public Welfare***, 888 A.2d 601, 607, n.12 (Pa. 2005). This Court may affirm a trial court's decision sustaining a demurrer only where it is clear that the plaintiff is unable to prove facts legally sufficient to establish a right to relief. ***Mazur v. Trinity Area School District***, 961 A.2d 96, 101 (Pa. 2008). In making the determination, this Court must accept as true all well-pleaded material averments of fact in the complaint and every inference that is fairly deducible from those facts. ***Hudson v. Pennsylvania Board of Probation and Parole***, 204 A.3d 392, 395 (Pa. 2019). However, we are not required to accept as true conclusions of law, unwarranted inferences, or argumentative allegations. ***Id***.

Concerning review of a trial court's decision pertaining to JNOV, "[w]e will reverse a trial court's grant or denial of [JNOV] only when we find an abuse of discretion or an error of law that controlled the outcome of the case." ***Corvin v. Tihansky***, 184 A.3d 986, 990 (Pa. Super. 2018).

> When examining the propriety of a trial court's decision to deny [JNOV], we must determine whether there is sufficient competent evidence to sustain the verdict. We will review all of the evidence in the light most favorable to the verdict-winner and will give that party the benefit of every reasonable inference arising from that evidence while rejecting all unfavorable testimony and inferences. [JNOV] may be entered where: (1) the moving party is entitled to judgment as a matter of law and/or (2) the evidence is such that

no two reasonable minds could disagree that the verdict should have been rendered for the moving party. Our scope of review is plenary concerning any questions of law. Regarding questions of credibility and the weight accorded the evidence at trial, however, we will not substitute our judgment for that of the fact-finder. [JNOV] should be entered only in a clear case, and any doubts must be resolved in favor of the verdict winner.

***Murray v. Janssen Pharm., Inc.***, 180 A.3d 1235, 1241 (Pa. Super. 2018) (internal quotation marks omitted).

In analyzing the propriety of molding a verdict, our scope of review is plenary. ***See Baker v. AC and S***, 755 A.2d. 664, 667, n.4 (Pa. 2000). Our standard of review requires us to examine the lower tribunal's ruling for an abuse of discretion or error of law. ***Id***.

After careful review, we agree with the rationale and conclusions reached by the trial court. Upon consideration of the record, the parties' briefs, the trial court's opinions, and the relevant authority, we conclude that further discussion by this Court would be redundant. Having discerned no error or abuse of discretion, we adopt the trial court's opinions as our own in affirming the judgment entered on June 4, 2025. ***See*** TCO 1, at 7-8; TCO 2, at 3-10.

Judgment affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 07/29/2026

- 7 -